**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CR-83 |
| | ) | |
| | ) | JUDGE CRYTZER |
| SOLOMON J. BRYANT, a/k/a "Sol" | ) | |

# PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Solomon J. Bryant, a/k/a "Sol,", and the defendant's attorney, Scott A. Lanzon, have agreed upon the following:

1. The defendant will plead guilty to the following counts of the Indictment:

a) Count One, conspiracy to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The punishment for this offense is a mandatory minimum term of imprisonment of five years and up to 40 years, a term of supervised release of at least four years, a fine of up to $5,000,000, criminal forfeiture, and a mandatory assessment of $100.

b) Count Two, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). The punishment of this offense is a term of imprisonment of not more than twenty 20 years, a term of supervised release of up to three years, a fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater, any applicable forfeiture, and a mandatory assessment of $100.

2. There are no other counts in the Indictment against this defendant.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements as to Count One must be proved beyond a reasonable doubt:

a) As to Count One: (1) the defendant conspired or agreed with at least one other person to violate the federal drug laws, specifically 21 U.S.C. § 841(a)(1) (distribution of controlled substances); (2) the defendant knowingly and intentionally joined the conspiracy; (3) the defendant participated in the conspiracy; and (4) the overall scope of the conspiracy involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

b) As to Count Two: (1) the defendant agreed with at least one other person to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce; (2) the financial transactions involved the proceeds of an unlawful activity, that is, drug trafficking; (3) the defendant knew that the proceeds derived from some form of unlawful activity; (4) the defendant conducted or attempted to conduct such financial transactions with the intent to promote the carrying on of the specified unlawful activity; and (5) the defendant entered into the conspiracy knowingly and voluntarily.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) This case involves a joint investigation by the Drug Enforcement Administration ("DEA"), Knoxville Police Department, Knox County Sheriff's Office, and the Bureau of Alcohol, Tobacco, Firearms and Explosives. Through the investigation, the defendant was identified as main distributor of a drug trafficking organization ("DTO") operating within the Eastern District of Tennessee.

b) In early 2020, the defendant solicited co-defendant Louis SIRI to pick up bulk quantities of U.S. currency from individuals in and around Knoxville, to provide the defendant with a total of the amount collected, and then to transport the U.S. currency to Chattanooga, TN, once it reached a threshold amount of at least $50,000. SIRI would deliver the currency to an individual in Chattanooga (later identified as co-defendant Jonathan DAUM), who would transport the currency to the source of supply. The defendant would then ensure the source of supply in California would send a shipment of marijuana to the Knoxville area for distribution. From early 2020 to June 2, 2021, this DTO supplied numerous local users with substantial quantities of marijuana. During the conspiracy, SIRI made approximately two dozen trips to Chattanooga with the bulk amounts of drug proceeds ranging from $50,000 to nearly $100,000 on each occasion.

c) On June 2, 2021, the defendant was arrested in the parking lot of National Fitness located at 8511 Walbrook Drive, Knoxville, TN. The defendant's vehicle was searched, and investigators seized approximately one-half kilogram of marijuana. DEA Agents obtained a federal search warrant for the defendant's hotel room where additional bulk quantities of marijuana were seized.

d) The defendant agrees that he personally conspired with at least one other person to distribute marijuana within the Eastern District of Tennessee. The defendant both

distributed marijuana and coordinated shipments of marijuana for purposes of resale by other members of the DTO. Members of the DTO would obtain large amounts of drug proceeds from their marijuana sales. The U.S. currency then exchanged hands between multiple co-conspirators and was ultimately delivered to a source of supply in California. Bulk quantities of vacuum sealed bags of marijuana would then be sent in wooden crates from California to Alcoa, Tennessee via Forward Air, a freight shipping company operating in east Tennessee. The defendant and others would then distribute the marijuana to local users until each shipment was gone. This drug distribution and money laundering conspiracy continued for over a year. The defendant admits that his personal involvement in the conspiracy involved the distribution of at least 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

    e)    In accordance with Fed. R. Crim. P. 11(c)(1)(B), the parties agree and stipulate that, for sentencing purposes, the defendant personally conspired with others within the Eastern District of Tennessee and elsewhere to distribute at least 700 kilograms but less than 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana and to launder the resulting drug proceeds. The parties agree that U.S.S.G. §§ 2D1.1(b)(1) and (12) do not apply to this defendant.

5.    The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a)    the right to plead not guilty;

    b)    the right to a speedy and public trial by jury;

    c)    the right to assistance of counsel at trial;

       d)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

       e)    the right to confront and cross-examine witnesses against the defendant;

       f)    the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

       g)    the right not to testify and to have that choice not used against the defendant.

6.    The parties agree that the appropriate disposition of this case would be the following as to each count:

       a)    The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

       b)    The Court will impose special assessment fees as required by law; and

       c)    The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that constitutes or is derived from, any proceeds obtained, directly or indirectly, as a result of the offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense in violation of 21 U.S.C. §§ 846 and/or 841. The defendant also agrees to forfeit any property involved in such offense and any property traceable to such property in violation of 18 U.S.C. § 1956. The defendant agrees to

forfeit $100,000 in U.S. currency, which represents the minimum amount of proceeds the defendant personally obtained for violations of 21 U.S.C. §§ 841 and 846.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the defendant agrees to send all money judgment payments to the United States Marshals Service. The defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the

money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

13. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

Case 3:22-cr-00083-KAC-JEM Document 72 Filed 05/11/23 Page 10 of 11 PageID #: 215

14. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

5/10/23
Date

By: [signature]
BRENT N. JONES
Assistant United States Attorney

5-5-23
Date

[signature]
SOLOMON J. BRYANT
Defendant

5-5-23
Date

[signature]
SCOTT A. LANZON
Attorney for the Defendant